| 70 | 549 |
| 109a | 635 |

## PHILIP LARMON

*v.*

## PHILO CARPENTER.

1.  DEBT—*when it lies.* The action of debt lies whenever *indebitatus assumpsit* will lie, and is a concurrent remedy. To maintain debt upon a specialty, the instrument must show upon its face an undertaking to pay a sum certain to a specified person, and at a certain time.

2.  An action of debt will not lie upon an ordinary chattel mortgage which contains no promise, undertaking or covenant, by the mortgagor, to pay the money secured by it.

APPEAL from the Circuit Court of Cook county.

Mr. N. MONROE, for the appellant.

Messrs. RUNYAN, AVERY, LOOMIS & COMSTOCK, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, in the Cook circuit court, brought by Philo Carpenter, against Philip Larmon, on a chattel mortgage, which is set out in full in the declaration.

The defendant demurred to the declaration, which the court overruled and gave judgment against him for the debt demanded, and interest thereon, the defendant choosing to abide by his demurrer.

The record is brought here by appeal, and the point made by appellant, that the action of debt does not lie upon a chattel mortgage. He insists that the instrument sued on contains no acknowledgment of any indebtedness, or any covenant, promise or agreement on his part to pay money to appellee.

Appellee, in support of the action, cites 1 Ch. Pl. 110, ·where it is said ·the action lies "on annuity deeds and on ·mortgage deeds." The entire citation from Chitty is, "Debt

lies to recover money due on any specialty or contract under seal to pay money, as, on single bonds, on charter parties, on policies of insurance under seal, on leases for rent, on penalties, as for plowing up meadow, etc., on annuity deeds and on mortgage deeds."

The doctrine is, that the action of debt lies whenever *indebitatus assumpsit* will lie, and is a concurrent remedy. To maintain the action of debt upon a specialty, the instrument must show on its face an undertaking to pay a sum certain to a specified person, and at a certain time.

This court has defined a chattel mortgage. It is in the nature of a pledge and conditional sale, to become absolute and vest the thing mortgaged, without redemption, upon condition broken, in the mortgagee. *Rhines* v. *Phelps*, 3 Gilm. 455.

The mortgage in question contains no promise or undertaking, or covenant, by the grantor, to pay any money. He conveyed, by the deed, a house to the grantee, which would be restored to him if he paid to the grantee certain moneys, at certain specified times; if not, the title became absolute, and vested the thing mortgaged, without redemption, in the grantee or mortgagee, and that is the extent of it.

The text in Chitty has no application to such a case as this. He had reference to mortgages as they exist in England, which contain, after the proviso, an express covenant by the mortgagor for the payment of the mortgage money. On such an undertaking debt would lie, or covenant. Here, there is no undertaking, no agreement, no promise to pay money. The mortgagee has all he contracted for; the chattel is his if the mortgagor fails to make certain payments. The deed acknowledges no debt, nor is there any obligation contained in it to pay money for which an action of debt would lie.

The demurrer should have been sustained to the declaration. Overruling it was error, and for the error the judgment must be reversed, the appellee having no right to this action.

*Judgment reversed.*